**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| MARK HAMILTON WINNETTE, ) | |
| ID # 332994, ) | |
|         Petitioner, ) | |
| vs. ) | No. 3:09-CV-1520-B-BH |
| ) | |
| RICK THALER, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
|         Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation.

**I. BACKGROUND**

Petitioner, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"), filed this petition for habeas corpus relief under 28 U.S.C. § 2254 to challenge the denial of parole. Respondent is Rick Thaler, Director of TDCJ-CID.

After pleading not guilty and being tried before a jury in Cause No. F81-9234-IH, petitioner was convicted of aggravated robbery (enhanced by a prior felony) and sentenced to 45 years imprisonment. (State Habeas Transcript at 95-6). On February 18, 1982, a judgment was entered against him. On May 27, 1998, petitioner was released on mandatory supervision. (Response, Exhibit A, pages 3-4). However, his mandatory supervision was revoked on January 29, 2003, after he was convicted of the felony offense of possession of a firearm by a felon. (Response, Ex. A, pp. 1-2).

On February 11, 2009, petitioner filed a state petition seeking habeas relief based on the denial of parole in his case by the Board of Pardons and Paroles. (S.H.Tr.:2-12). On August 5,

2009, the Court of Criminal Appeals denied the state petition without written order based on the findings of the trial court. (S.H.Tr.:cover).

Petitioner filed his federal petition on August 17, 2009, along with a memorandum in support of his petition. Respondent filed an answer on October 28, 2009, and furnished the state court records. No reply brief was filed.

Petitioner alleges that the denial of parole by the Board of Pardons and Paroles (BPP) was unconstitutional because the BPP used records that have been expunged from petitioner's record as a basis for denial. (Pet. at 7).

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "Act"), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies to it.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to proced-

ural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, these AEDPA standards apply to the claims petitioner raised in his state application for writ of habeas corpus.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The reso-

lution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.  DENIAL OF PAROLE

In his sole ground for relief, petitioner alleges that the BPP has unconstitutionally used expunged records as a basis for denying him parole.  Although records from a 1980 arrest for rape and from a 1981 charge for rape for which he was found not guilty by a jury were expunged in 2004, he claims that he was asked about them by representatives of the BPP during parole hearings in January of 2006 and January of 2008.[1]  (Memorandum at 6-8; S.H.Tr.:43).

Petitioner has failed to present any evidence to this Court that his expunged records were the reason, or a part of the reason, that he was denied parole.  Petitioner submitted the notices that he received informing him that he had been denied parole both in December of 2005 and January of 2008, along with the minutes.  These documents reflect that petitioner was denied parole for reasons "1D" and "5D" in December of 2005 and for reason "1D" in January of 2008.  Reason "1D" is a denial based on the board's determination that:  1) the record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offense indicating a predisposition to commit criminal acts upon release; 2) the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or 3) the record indicates a

---

[1] Although respondent characterizes petitioner's claim as challenging an ongoing issue rather than the denial of parole on a specific date, petitioner specifically references in his petition a parole hearing held on January 24, 2008, and he answered "yes" when asked whether he had challenged this parole revocation in a state petition. (Pet. at 5). Respondent does not contend a claim based on the January 2008 parole denial is time-barred under 28 U.S.C. § 2244(d) even though petitioner did not file a state habeas petition until February of 2009, and petitioner contends that he did not become aware that the parole board used expunged records to deny parole until February 28, 2008. Within the one year of this date, on February 11, 2009, petitioner filed his state habeas petition, and the one-year limitations period was tolled until the petition was denied on August 5, 2009.  His federal petition was filed twelve days later, on August 17, 2009. *See* 28 U.S.C. § 2244(d)(1)(D), (d)(2). For these reasons, the Court construes the petition as a timely challenge to a January 2008 denial of parole.

4

juvenile or adult arrest for felony or misdemeanor offenses. (S.H.Tr.:59-62).[2] In addition to petitioner's aggravated robbery and felon in possession convictions, the Dallas County criminal records database shows prior multiple convictions for numerous other misdemeanor and felony offenses, including burglary of a habitation, criminal mischief, and DWI. (*See* dallascounty.org/criminalBackgroundSearch, search under petitioner's name). Petitioner's record supports the BPP's stated reason for denying him parole in January 2008. The minutes from the 2008 parole hearing do not mention the expunged records.

Even assuming the correctness of that petitioner's allegation that he was asked about the arrest for rape and whether or not he committed the crime, (Mem. At 5-6), "[f]ederal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). There is no federal constitutional right to early release on parole. *See Orellana*, 65 F.3d at 31; *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981). State prisoners in Texas "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). Because there is no federal constitutional right to early release on parole, petitioner cannot state a constitutional violation based upon the denial of parole. *Id*. at 305.

The state habeas court found that the documents submitted by petitioner did not support his claim and that there was no evidence that the BPP considered expunged records when denying him

---

[2] Reason "5D," one of the reasons petitioner was denied parole in December of 2005, reflects a finding of unsuccessful periods of supervision on previous probation, parole, or mandatory supervision that resulted in incarceration. As noted, petitioner was convicted of the felony offense of being a felon in possession of a weapon after being released on mandatory supervision.

parole. (S.H.Tr.:98). The state court's denial of this ground for relief based upon this finding is not contrary to federal law, and his request for relief should be denied.

## IV. RECOMMENDATION

The Court should **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 9th day of December, 2009.**

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```